Howekd, J.
On the 21st February, 1866, plaintiff instituted this suit against Mrs. Mary C. Daigre, individually, and as tutrix of her minor children, Mary E. Gilbert, A. and Lucie A. Daigre, and against the said three children, to obtain judgment in solido against and sot aside the probate proceedings and sales in the succession of Gilbert Daigre, deceased, resulting in a settlement between the said tutrix and minors, and to subject the property, transferred to or purchased by the latter in pursuance thereof, to the payment of a note and account held by plaintiff against the said Mrs. Daigre, on the grounds of fraud and collusion.
The petition sets forth that during the year 1862, plaintiff sold to Mrs. Daigre, for herself and her said children, various articles of jewelry amounting to $2,809 50, of which sum Mrs. Daigre paid $1,000, on 12th October, 1863, and gave her note due at twelve months for the balance, and that in October and November, 1865, he sold to them other merchandise amounting to $74 45; that at the dates of thefirst sales the defendants were wealthy, and the owners of a large amount of property; that for the purpose of concealing her property from the pursuit of her creditors the said Mrs. Daigre fraudulently acknowledged herself indebted as tutrix to her said children, about two thousand dollars, more than she really owed them, and caused judgment to bo rendered against herself in their favor for ninety-four thousand six hundred and thirty-six dollars and ninety-seven ■ cents, or $31,878 39 to each—whereas she did not owe them so much by $39,450, amount of the separate property of their father; that under said judgment defendants caused a large amount of property to be sold below its real value, and the proceeds, with other sums paid, exceeding by at least $1,000, her true indebtedness, applied to said judgment.
The three children excepted that no canse of action against them was shown; that no priority of contract, is pretended between plaintiff and exceptors, in the execution of the note sued on; that the record in the succession of their father, referred to by plaintiff, shows that their rights wore fixed and determined by the account filed by the tutrix on 21 st March, 1861, which was homologated by judgment of the Court—the portion falling to one of them, Mary E., wife of Yon Bhul, having been paid in full in January, 1861, and that, at all events, no action lies against them until recourse upon their mother is exhausted. These exceptions were overruled, and were renewed as a defense by all the defendants, with a general denial, and the averment that plaintiff cannot maintain his action, as the rights of the children were judicially ascertained prior to the origin of the debt on, which the suit is based. They further *191 pleaded tlio prescription of one year, in bar of tlio action; but this plea is not urged in this Court.
Judgment was rendered against Mrs. Mary C. Daigre for the amount of the note sued on, and against plaintiff on his demand against the heirs, and ho has appealed.
There seem to be irregularities in the probate proceedings in the succession of Gilbert Daigre, deceased; but the evidence does not sustain the charge of fraud and collusion.
Tlio alleged fraud is stated to have its origin in the account filed by the tutrix on the 21st March, 1801, where no apparent motive existed for committing a fraud. By the authority cited by plaintiff, the judgment homologating this account cannot bo annulled, as it is evident the tutrix was indebted in a large amount to the heirs; but it may be reduced by her creditors, if they show that the whole sum allowed is not due. See 5 A. 715.
The record shows that the mother owed her children more than she has paid them by ton thousand dollars, the excess stated by plaintiff.
His suggestion that she could not have owed them as much as allowed by the amount of the husband’s separate property, which was included therein, cannot avail him in the form in which ho has brought his action, while the adjudication of that property, as well as the community property, to the widow is not sot aside, which he has not asked to be done, and while it stands undisturbed the judgment attacked is not erroneous in amount. The creditors or heirs of the deceased may complain of it, but plaintiff, who is a posterior creditor of the mother, cannot do so, unless the effect be such as to deprive him of some legal right upon his debtor’s property. . 1
But such effect is not shown, as by the act of adjudication the general mortgage of the minors was removed and a special mortgage granted on the plantation, which had belonged to the community, and which, when sold under that mortgage, did not yield as much as plaintiff' admits was duo the minors.
IVe are of opinion that the subsequent creditors of the mother and tutrix cannot treat the adjudication to her of the husband’s separate property as an absolute nullity, and deprive the heirs who do not complain of aE recourse against their mother for its value, which is adjudged to them by a formal judgment of Court. In this ease, whore plaintiff dealt with the mother, and to whom alone it is shown he gave credit, she was, so far as this record shows, the owner of all the property described in the inventory, and her only indebtedness was to two of the heirs, who it appears have not yet obtained from her the whole of that indebtedness.
As plaintiff has failed to make out a case against the heirs, and as he may be able in another form of action to show their liability, wo have concluded to change the judgment against him to one of nonsuit.
It is therefore ordered, that the judgment against plaintiff on his demand against Levoir Daigre, Gilbert Daigre and Mary E. Daigre, wife of Henry Yon Phul, be reversed, and that there be judgment against him thereon as of nonsuit; that the judgment against Mrs. Mary C. Daigre be affirmed, and that the costs of appeal be paid by the said Levoir, Gilbert and Mary E. Daigre, appellees.